UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO.  4:12-CR-085 |
| v. | ) | |
| | ) | |
| DONALD DEAN JENSEN, | ) | PLEA AGREEMENT |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the Defendant,

Donald Dean Jensen, and Defendant's attorney, enter into this Plea Agreement.

## A.    CHARGES

1    Subject Offense.  Defendant will plead guilty to Counts 2 and 3 of the Indictment,

that is, Alien Smuggling, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii)

and Title 18, United States Code, Section 2.

2    Charges Being Dismissed.  If the Court accepts this Plea Agreement, Count 1of

the Indictment will be dismissed at the time of sentencing.

3    No Further Prosecution.  The Government agrees that Defendant will not be

charged in the Southern District of Iowa with any other federal criminal offense arising from or

directly relating to this investigation.  This paragraph and this Plea Agreement do not apply to (1)

any criminal act occurring after the date of this agreement, or (2) any crime of violence.

## B.    MAXIMUM PENALTIES

4    Maximum Punishment.  Defendant understands that the crimes to which

Defendant is pleading guilty carry a maximum sentence of not more than 10 years in prison, a

maximum fine of $250,000, or both such fine and imprisonment; and a term of supervised

release of not more than three years.  A mandatory special assessment of $100 per count also

must be imposed by the sentencing court.

     5     <u>Supervised Release--Explained.</u>  Defendant understands that, during any period of

supervised release or probation, Defendant will be under supervision and will be required to

comply with certain conditions.  If Defendant were to violate a condition of supervised release,

Defendant could be sentenced to up to two years in prison, without any credit for time previously

served.

     6     <u>Detention.</u>  Provided that Defendant does not violate any conditions of his pretrial

release and does not appear to be mentally at risk to harm himself or any other person, as

determined by the Government between the date this agreement is executed and the conclusion of

sentencing, the Government agrees that Defendant may remain on pretrial release pending

imposition of sentence.

     **C.**     **NATURE OF THE OFFENSE -- FACTUAL BASIS**

     7     <u>Elements Understood.</u>  Defendant understands that to prove the offenses alleged

in **Counts 2 and 3 (Alien Smuggling)**, the Government would be required to prove beyond a

reasonable doubt the following elements:

     (1)     The defendant,

     (2)     either

          a.     knowing or

          b.     in reckless disregard of the fact that

     (3)     an alien

2

(4)     has not received prior official authorization

    a.     to come to the United States,

    b.     enter the United States, or

    c.     reside in the United States

(5)     either

    a.     brings to the United States or

    b.     attempts to bring to the United States

(6)     in any manner whatsoever, such alien.

(7)     The alien upon arrival was not immediately brought and presented to an appropriate immigration officer at a designated port of entry.

8     <u>Elements Admitted.</u>  As a factual basis for his plea of guilty, Defendant admits the following:

(1)     On or about March 7, 2010, Defendant, DONALD DEAN JENSEN, paid Abelardo Ramirez Juarez to smuggle ACJ, an approximately 38 to 39 year old female who was a citizen and national of Mexico, from Mexico into the United States.

(2)     Defendant, DONALD DEAN JENSEN, was aware ACJ had not received prior official authorization to enter the United States.

(3)     On or about March 8, 2010, Abelardo Ramirez Juarez facilitated the illegal border crossing of ACJ near Brownsville, Texas.

(4)     On or about March 10, 2010, Defendant, DONALD DEAN JENSEN, contacted MCJ, the sister of ACJ, to arrange a time and location where DONALD DEAN JENSEN could pick up ACJ.

(5)     After picking up ACJ at a grocery store parking lot in Houston, Texas, MCJ transported ACJ to a nearby hotel where Defendant, DONALD DEAN JENSEN, was waiting.

(6)     On or about March 15, 2010, JENSEN and ACJ arrived at JENSEN'S residence in rural Story County, Iowa.

(7)     Defendant, DONALD DEAN JENSEN, was aware that ACJ was not, immediately upon her arrival to the United States, brought and presented to an appropriate immigration officer at a designated port of entry.

(8)     On or about November 27, 2010, Defendant, DONALD DEAN JENSEN, hired and agreed to pay Abelardo Ramirez Juarez to smuggle RJ, an approximately 35 to 36 year old female who was a citizen and national of Mexico, from Mexico into the United States.

(9)     Defendant, DONALD DEAN JENSEN, was aware RJ had not received prior official authorization to enter the United States.

(10)    On or about November 27, 2010, Abelardo Ramirez Juarez facilitated the illegal border crossing of RJ near Brownsville, Texas.

(11)    Immediately after crossing the border, RJ met with Abelardo Ramirez Juarez.  Abelardo Ramirez Juarez took RJ to Brownsville, Texas where Defendant, DONALD DEAN JENSEN was waiting.

(12)    On or about December 20, 2010, DONALD DEAN JENSEN and RJ arrived at JENSEN'S residence in rural Story County, Iowa.

(13)    Defendant, DONALD DEAN JENSEN, was aware that RJ was not, immediately upon her arrival to the United States, brought and presented to an appropriate immigration officer at a designated port of entry.

9       Truthfulness of Factual Basis. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10      Venue. Defendant agrees that venue for this case is proper for the United States

4

District Court for the Southern District of Iowa.

**D.     SENTENCING**

11     Sentencing Guidelines.  Defendant understands that Defendant's sentence will be
determined by the Court after considering the advisory United States Sentencing Guidelines,
together with other factors set forth by law.  The Sentencing Guidelines establish a sentencing
range based upon factors determined to be present in the case, which include, but are not limited
to the following:

        (a)     the nature of the offenses to which Defendant is pleading guilty;

        (b)     Defendant's role in the offense;

        (c)     the nature and extent of Defendant's criminal history (prior convictions);
        and

        (d)     acceptance or lack of acceptance of responsibility.

        Defendant understands that, under some circumstances, the Court may "depart" or
"vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than
provided by the Guidelines, up to the maximum in the statute of conviction.  Defendant has
discussed the Sentencing Guidelines with Defendant's attorney.

12     Acceptance of Responsibility.  The government agrees to recommend that
Defendant receive credit for acceptance of responsibility under USSG § 3E1.1.  The government
reserves the right to oppose a reduction under § 3E1.1 if after the plea proceeding Defendant
obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office,
attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with
acceptance of responsibility.  If the base offense level is 16 or above, as determined by the Court,

5

the government agrees that Defendant should receive a 3-level reduction, based on timely notification to the government of Defendant's intent to plead guilty.

13    Presentence Report. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14    Evidence at Sentencing. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

15    Sentence to be Decided by Judge -- No Promises. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what each Defendant's actual sentence will be.

6

16     No Right to Withdraw Plea.  Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

### E.     FINES, COSTS, AND RESTITUTION

17     Fines and Costs.  Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

18     Special Assessment.  Defendant agrees to pay the mandatory special assessment of $200 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

19     Financial Statement.  Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

### F.     LIMITED SCOPE OF AGREEMENT

20     Limited Scope of Agreement.  This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.  Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

21     Agreement Limited to Southern District of Iowa.  This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

### G.   WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

22   <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the

right to:

     (a)   continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

     (b)   a speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

     (c)   the assistance of an attorney at all stages of trial and related proceedings, to be paid at government expense if Defendant cannot afford to hire an attorney;

     (d)   confront and cross-examine adverse witnesses;

     (e)   present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

     (f)   not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

     (g)   if Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at government expense if Defendant cannot afford to hire an attorney.

23   <u>Waiver of Appeal and Post-Conviction Review</u>.  Defendant knowingly and

expressly waives any and all rights to appeal Defendant's conviction in this case, including a

waiver of all motions, defenses and objections which Defendant could assert to the charges or to

the court's entry of judgement against Defendant; except that both Defendant and the United

States preserve the right to appeal any sentence imposed by the district court, to the extent that an

appeal is authorized by law.  Also, Defendant knowingly and expressly waives any and all rights

to contest Defendant's conviction in any post-conviction proceedings, including any proceedings

under 28 U.S.C. § 2255.   These waivers are full and complete, except that they do not extend to

the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of

counsel or prosecutorial misconduct not known to Defendant, or reasonably knowable, at the

time of entering this Plea Agreement.

### H.   VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

24   Voluntariness of Plea.  Defendant represents that Defendant's decision to plead

guilty is Defendant's own, voluntary decision, and that the following is true:

(a)   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)   No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)   Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

25   Consultation with Attorney.  Defendant has discussed this case and this plea with

Defendant's attorney and states that the following is true:

(a)   Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b)   Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c)   Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full

9

understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.    GENERAL PROVISIONS

26    <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

27    <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

28    <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## J.    SIGNATURES

29    <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crimes to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this

10

Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

3-21-13

Date

DONALD DEAN JENSEN

30      Defendant's Attorney. I have read this Plea Agreement and have discussed it in

its entirety with my client. There is no Plea Agreement other than the agreement set forth in this

writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of

entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full

knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full

access to the Government's discovery materials, and I believe there is a factual basis for the plea.

I concur with my client entering into this Plea Agreement and in entering a plea of guilty

pursuant to the Plea Agreement.

3-21-13

Date

Timothy Francis McCarthy
1200 Valley West Drive, Ste. 400
West Des Moines, Iowa 50266
Telephone: (515) 279-9700
Telefax: (515) 279-8355
E-Mail: tim@mccarthyandhamrock.com

11

33   <u>United States</u>.  The Government agrees to the terms of this Plea Agreement.

Nicholas A. Klinefeldt
United States Attorney

3/25/2013
_____                    By:   _____

Date                                      Jason T. Griess
                                          Assistant U.S. Attorney
                                          U.S. Courthouse Annex, Suite 286
                                          110 East Court Avenue
                                          Des Moines, Iowa  50309
                                          Telephone:  515-473-9300
                                          Telefax: 515-473-9292
                                          E-mail: Jason.Griess2@usdoj.gov

12